Case Number **19–10548**

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1: | Ronald Boyd Cooper Jr. <br> First Name   Middle Name   Last Name | Social Security number or ITIN: <br> EIN: _ _–_ _ _ _ _ _ _ | xxx–xx–2186 |
| Debtor 2: <br> (Spouse, if filing) | Marie Lynne Cooper <br> First Name   Middle Name   Last Name | Social Security number or ITIN: <br> EIN: _ _–_ _ _ _ _ _ _ | xxx–xx–8254 |
| United States Bankruptcy Court: | Eastern District of Missouri | Date case filed in chapter: | 13   7/11/19 |
| Case number: | 19–10548 | Date case converted to chapter: | 7   8/15/19 |

Official Form 309A (For Individuals or Joint Debtors)

# Order and Notice of Chapter 7 Bankruptcy Case

01/19

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities (see Bankruptcy Code §362 for prohibited collection actions). This means that creditors generally may not take action to collect debts from the debtors, from the debtors' property, or from certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, telephone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the Court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the Bankruptcy Clerk's Office within the deadlines specified in this notice. (See section number 9 for more information.)

To protect your rights, consult an attorney.

**The staff of the Bankruptcy Clerk's Office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the Court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the Court.**

| | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|
| **1. Debtor's full name** | Ronald Boyd Cooper Jr. | Marie Lynne Cooper |
| **2. All other names used in the last 8 years** | | fka Marie Lynne Rodriguez |
| **3. Address** | 2530 Benton Hill Road <br> Cape Girardeau, MO 63701 | 2530 Benton Hill Road <br> Cape Girardeau, MO 63701 |
| **4. Debtor's attorney** <br> Name and address | Fred H. Thornton III <br> Thornton & Robison <br> PO Box 40 <br> 113 West North Street <br> Sikeston, MO 63801 | Contact phone: (573) 471–1207 <br><br> Email: fredth@thorntonandrobison.com |
| **5. Bankruptcy trustee** <br> Name and address | D Matthew Edwards <br> Burns Taylor Heckemeyer Green & Edwards <br> 733 N Main <br> PO Box 67 <br> Sikeston, MO 63801 | Contact phone: 573–481–1111 <br><br> Email: medwardstrustee@bthgelaw.com |

**For more information, see page 2 >**

Debtor **Ronald Boyd Cooper Jr.** and **Marie Lynne Cooper**     Case number **19–10548**

| | | |
|---|---|---|
| **6.** | **Bankruptcy Clerk's Office** <br> Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 111 South Tenth Street <br> Fourth Floor <br> St. Louis, MO 63102 <br> Telephone number: (314) 244–4500 <br> McVCIS: 1–866–222–8029, #87 <br> Electronic Case Information/PACER: https://ecf.moeb.uscourts.gov <br><br> Office Hours: Monday – Friday 8:30 a.m. – 4:30 p.m. |
| **7.** | **Meeting of creditors** <br> Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **September 27, 2019 at 09:00 AM** <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the Court docket.     Location: <br><br> **Rush Hudson Limbaugh,Sr. U.S. Courthouse, 555 South Independence Street, Juror Assembly Room – Room 1000, Cape Girardeau, MO 63701** |
| **8.** | **Presumption of abuse** <br> If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. |
| **9.** | **Important Deadlines** <br> The Bankruptcy Clerk's Office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**     **Filing deadline: November 26, 2019** <br> **You must file a complaint:** <br> • if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. §727(a)(2) through (7), or <br> • if you want to have a debt excepted from discharge under 11 U.S.C §523(a)(2), (4), or (6). <br><br> **You must file a motion:** <br> • if you assert that the discharge should be denied under §727(a)(8) or (9). <br><br> The deadline to file such complaints for any creditor added to this case after the date of the initial Notice and Order of Commencement shall be the later of the original deadline or 60 days after the date on the certificate of service of the notice given pursuant to L.R. 1009. |
| | | **Deadline to object to exemptions:** <br> The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection.     **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors unless otherwise provided under Bankruptcy Rule 1019(2)(B) for converted cases. |
| **10.** | **Proof of claim** | Deadline for holder(s) of a claim secured by a security interest in the principal residence (Rule 3002(c)(7)(A)):     **Filing Deadline: October 24, 2019** <br><br> No property appears to be available to pay creditors. Therefore, other than claims secured by a security interest in the principal residence, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the Clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |
| **11.** | **Foreign Creditors** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the Court to extend the deadlines in this notice. Consult an attorney familiar with United States Bankruptcy Law if you have any questions about your rights in this case. |
| **12.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the Bankruptcy Clerk's Office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection by the deadline to object to exemptions. |

**For more information, see page 3 >**

| | | |
|---|---|---|
| **13.** | **Abandonment of Property** | At the meeting of creditors, the Trustee may announce the abandonment of specific property of the estate that is burdensome or of inconsequential value. Any objection to this abandonment must be filed in writing with the Clerk's Office and the Trustee within 14 days after the conclusion of the meeting of creditors. |
| **14.** | **Domestic Support Obligation – Child Support** | The holder of any claim for unpaid pre–petition child support is entitled to have the trustee provide such creditor with notice of the creditor's right to use the services of the state child support enforcement agency and supply such creditor with the address and telephone number of the state child support enforcement agency and an explanation of the creditor's rights to payment in the Bankruptcy case. Any creditor may request such notice and information by writing the trustee. Such creditor is further entitled to have the trustee provide the creditor with (i) notice of the granting of the discharge, (ii) any last known address of the debtor,(iii) debtor's most recent employer, and (iv) information concerning other claims on which the debtor may be liable following a discharge. Failure to request such information from the trustee shall be a waiver of the right to receive such notice from the trustee. |

**So Ordered:**

*Barry S Schermer*

United States Bankruptcy Court Judge
**Date:**  August 16, 2019

Any paper that you file in this bankruptcy case should be filed at the Bankruptcy Clerk's Office at the address listed in section number 6 of this Order and Notice. Registered electronic users should file through our Case Management/Electronic Case Files (CM/ECF) system at https://ecf.moeb.uscourts.gov. **This Court requires all attorneys to file electronically through CM/ECF.** You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the Bankruptcy Clerk's Office or via the Internet if you have a PACER subscription. You may register for PACER at www.pacer.gov. Case status information is available 24 hours a day by contacting **McVCIS (Multi–Court Voice Case Information System)** or via the Internet using PACER. Information about the meeting of creditors, certain forms, and other matters can be obtained from the Court's website: http://www.moeb.uscourts.gov.

**Debtor information needed at the meeting of creditors:**
- Most recently filed federal and state tax returns (must be provided to trustee at least 7 days before 341 meeting)
- W–2(or W–4) forms
- Deeds to any real estate in which the debtor has any interest
- Savings, checking and investment account statements
- Personal property tax statements
- Life insurance policies on debtor's life or lives of debtor's spouse or children
- Divorce decree or separation agreement
- Documentation supporting the appropriate Statement of Current Monthly Income/Means Test/Form(s)
- Pay stubs or other earnings statements covering the 6–month period prior to the petition date

**Debtor Identification:**
All individual debtors must provide picture identification and proof of social security number (if any) to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed or denial of your discharge, and/or criminal referral. Acceptable forms of picture identification (ID) include an original: 1)driver's license, 2)federal or state government ID, 3)student id, 4)U.S. passport, 5)military ID, or 6)resident alien card. Acceptable forms of proof of social security number include an original: 1)social security card, 2)medical insurance card, 3)pay stub, 4)W–2 form, 5)Internal Revenue Service Form 1099, 6)Social Security Administration report, or 7)statement that such documentation does not exist.